FILED'08 MAR 27 08:28 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHANE TORREY MILLER,                )
                                    )   Civil No. 06-316-PA
            Petitioner,             )
                                    )
    v.                              )
                                    )
SHARON BLACKETTER,                  )
                                    )   OPINION AND ORDER
            Respondent.             )

    David E. Groom
    Attorney at Law
    714 SW 20th Place
    Portland, OR 97205

        Attorney for Petitioner

    Hardy Myers
    Attorney General
    Jonathan W. Diehl
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

///

1 - OPINION AND ORDER

PANNER, District Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. He seeks to challenge a variety of state convictions on the grounds that he suffered from ineffective assistance of counsel and was deprived of due process of law. For the reasons which follow, the Amended Petition for Writ of Habeas Corpus is denied.

## BACKGROUND

On December 5, 2001, the Lane County Grand Jury indicted petitioner on two counts of Burglary in the First Degree, Attempted Assault in the First Degree, Coercion, two counts of Felony Assault in the Fourth Degree, and two counts of Menacing. Respondent's Exhibit 102. Petitioner entered an *Alford* plea on March 12, 2002 to Attempted Assault in the Second Degree, Coercion, and two counts of Felony Assault in the Fourth Degree. Respondent's Exhibits 103, 104 pp. 1-4. As part of the *Alford* plea, petitioner signed an attachment wherein he acknowledged that he was taking Ibuprofen, Zoloft, and Amitriptaline (Elavil), and asserted that, to his knowledge, these medications were not affecting his ability to understand or make decisions. Respondent's Exhibit 103, Att. 1.

Prior to sentencing, petitioner moved to withdraw his plea claiming that the medications he had been taking left him "confused a lot," and he felt that his attorney coerced him to sign the Plea Petition. Respondent's Exhibit 105, pp. 24, 29. The trial court

2 - OPINION AND ORDER

denied petitioner's motion to withdraw his plea and sentenced him to a total of 96 months. *Id* at 109; Respondent's Exhibit 104, pp. 5, 11.

Petitioner did not take a direct appeal, and instead proceeded to file a petition for post-conviction relief ("PCR") in Umatilla County where the PCR trial court denied relief. Respondent's Exhibits 116-117. The Oregon Court of Appeals affirmed the PCR trial court without opinion, and the Oregon Supreme Court denied review. Respondent's Exhibits 118, 119, 120, 122.

Petitioner filed his Amended Petition in this federal habeas corpus action on September 17, 2007 raising the following claims:

1. Petitioner's trial attorneys were ineffective in violation of the Sixth Amendment by:

   a. failing to properly investigate all of the witnesses;

   b. exerting undue pressure on petitioner to plead guilty;

   c. allowing petitioner to enter into a plea agreement while under the influence of drugs and medications, including Zoloft, Elavil, and Ibuprofen, without alerting the court;

   d. failing to investigate through the use of experts in the mental health field all possible defenses and mitigation based on psychiatric/psychological evaluations into petitioner's mental status;

   e. failing to sufficiently explain the consequences of petitioner's plea of guilty;

   f. failing to prepare for, and properly present, petitioner's hearing on his motion to withdraw his plea of guilty.

3 - OPINION AND ORDER

2. The trial court denied petitioner due process of law under the Fourteenth Amendment by:

   a. allowing petitioner to enter an *Alford* plea that was based on coercion and undue and unfair pressure, and was therefore not knowing and voluntary; and

   b. making inadequate factual findings in accepting the plea of guilty and by failing to find that petitioner was mentally and emotionally capable of entering into a plea.

3. The post-conviction trial court violated the Due Process Clause of the Fourteenth Amendment by:

   a. finding that petitioner's plea of guilty was knowing and voluntary;

   b. failing to make adequate findings to support its conclusions of law; and

   c. ruling that petitioner's claims against the trial court were foreclosed on state grounds.

Respondent asks the court to deny relief on the Amended Petition because petitioner has not argued some of his claims, the due process claims are procedurally defaulted, and the PCR trial court's decision regarding his argued claims of ineffective assistance of counsel are entitled to deference.

## DISCUSSION

### I. Unargued Claims.

In his Amended Petition, petitioner raises several grounds for relief, but focuses his supporting memorandum only on his rights to counsel and due process as they relate to the psychotropic drugs the was taking, and whether his resulting mental state allowed him to knowingly and voluntarily enter his *Alford* plea. The claims in

4 - OPINION AND ORDER

the Amended Petition which are unrelated to the claims petitioner elects to argue in this proceeding are deemed abandoned. *Cf. Doty v. County of Lassen*, 37 F.3d 540, 548 (9th Cir. 1994) ("[t]he failure to brief [an] issue waives [the appellant's] right to appeal" it).

## II. Exhaustion and Procedural Default.

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore*, 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims could have been considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or

5 - OPINION AND ORDER

failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

In this case, the PCR trial court denied petitioner's due process claims on the basis that "claims against the Trial Court are not proper grounds for post-conviction relief. *Palmer vs. State*, 218 Or. 352, 354 (1994); ORS 138.550." Respondent's Exhibit 117, Att. 1, p. 1. Thus, the PCR trial court determined as a matter of state law that claims of trial court error were not cognizable in Oregon on collateral review. Although petitioner takes issue ti the PCR trial court's procedural ruling, that decision constitutes a state court interpretation of state law which is not subject to review by this court.[1] *See Bains v. Cambra*, 204 F.3d 964, 972 (9th Cir. 2000) ("a federal court is bound by the state court's interpretations of state law.") (*citing*

---

[1] Even if the court could reach the merits of petitioner's due process claims, the outcome of this proceeding would not be different. As discussed below, petitioner knowingly and voluntarily entered his plea, therefore the trial court did not violate his right to due process when it accepted the plea.

6 - OPINION AND ORDER

*Wainwright v. Goode*, 464 U.S. 78, 84 (1983)); *see also Peltier v. Wright*, 15 F.3d 860, 862 (9th Cir. 1994) (state courts are the ultimate expositors of state law); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Mendez v. Small*, 298 F.3d 1154, 1158 (9th Cir. 2002) ("A state court has the last word on the interpretation of state law.") (citing *McSherry v. Block*, 880 F.2d 1049, 1052 (9th Cir. 1989)).

Because petitioner failed to fairly present his claims to the state courts in a context in which the merits were considered, his claims of trial court error were not fairly presented. As the time for presenting these claims passed long ago, the claims are procedurally defaulted.

### III. The Merits.

#### A. Standard of Review.

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner

7 - OPINION AND ORDER

bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

**B. Analysis.**

In his supporting memorandum, petitioner asserts that counsel rendered ineffective assistance by failing to investigate the case, and specifically failed to have petitioner evaluated psychologically before allowing him to enter into a plea agreement. Petitioner points out that he was on Ibuprofen, Zoloft, and Elavil at the time he entered his plea, and asserts that these drugs made

8 - OPINION AND ORDER

him particularly susceptible to pressure to enter into the plea agreement. Petitioner further faults counsel for allegedly failing to advise him as to "the waiver of significant constitutional rights prior to the entry of his plea of guilty."

The Supreme Court has established a two-part test to determine whether a petitioner has received ineffective assistance of counsel. First, the petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-687 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, the petitioner must show that his lawyer's performance prejudiced the defense. The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. In proving prejudice, a petitioner who has pled guilty or no contest to an offense must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have entered such a plea and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Petitioner's claim of ineffective assistance of counsel requires this court to engage in a due process analysis regarding

9 - OPINION AND ORDER

the entry of his plea. Due process requires that a defendant's guilty plea be voluntary and intelligent. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). A guilty plea is voluntary if it is given by a defendant who is fully aware of the direct consequences of his plea. *Mabry v. Johnson*, 467 U.S. 504, 509 (1984); *Brady v. United States*, 397 U.S. 742, 755 (1970). Petitioner must present sufficient evidence to defeat the "formidable" presumption of verity accorded to plea proceedings. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

In denying relief on petitioner's ineffective assistance of counsel claims, the PCR trial court found that he "was not detrimentally affected when he entered the *Alford* pleas" and that he had "totally failed to prove any aspect of this particular." Respondent's Exhibit 117, Att. 1, p. 5. The PCR trial court's finding that petitioner was not detrimentally affected by his medications when he entered his plea is a factual finding which this court presumes correct absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1).

Not only does petitioner fail to introduce clear and convincing evidence to rebut the PCR trial court's factual finding, but the record before that court supports such a finding. The PCR trial court noted that petitioner never expressed to his attorneys and investigator that he was having any physical difficulties. *Id* at 3. Petitioner's *Alford* plea included a special attachment which

identified the medications petitioner was taking at the time he entered his plea, as well as his signed statement that the medications were not affecting his ability to understand or make decisions. *Id.* The PCR trial court also relied on the affidavit of defense counsel Kent "who gave Petitioner excellent representation throughout the hearing on the Motion to Withdraw Pleas and Petitioner's sentencing, [and] states that Petitioner continued to take Zoloft and Elavil during that period and was not disoriented nor did the drugs affect his mental clarity." *Id* at 5; Respondent's Exhibit 112, p. 4.

Taking the PCR trial court's factual finding that petitioner was not adversely affected by his medication as true, petitioner entered his *Alford* plea knowingly and voluntarily. Consequently, counsel was under no duty to have petitioner psychologically examined or to prevent him from entering his plea.

Moreover, petitioner was well aware off the rights he was foregoing, as set out in Section 6 of the Petition to Enter *Alford* Plea. Respondent's Exhibit 103, pp. 1-2. For all of these reasons, the PCR trial court's decision regarding the effectiveness of counsel was neither contrary to, nor an unreasonable application of, clearly established federal law.

## IV. Evidentiary Hearing.

Finally, petitioner asks the court to conduct an evidentiary hearing to allow him to develop additional factual support for his

11 - OPINION AND ORDER

claims. Specifically, he seeks to develop additional evidence regarding the effect of the combination of Zoloft, Elavil, and Ibuprofen on his ability to reason as well as his mental state at the time of his plea.

Petitioner is not entitled to an evidentiary hearing in federal court to further develop his claims' merits unless he diligently attempted to develop those claims in state court, but was unable to do so. *Williams v. Taylor*, 529 U.S. 420, 433-438. (2000). If petitioner has failed to diligently develop his claims, an evidentiary hearing is permitted only if petitioner's claim relies on 1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or 2) a factual predicate that could not have been previously discovered through the exercise of due diligence. 28 U.S.C. § 2254(e)(2)(A)(i) and (ii). In addition, the facts underlying the claim must be sufficient to establish by clear and convincing evidence, that no reasonable factfinder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2254(e)(2)(B).

Petitioner asserts that he is entitled to an evidentiary hearing because the PCR trial court erroneously dismissed his due process claim on state procedural grounds. As previously discussed, this court may not intrude on a state court finding regarding an issue of state law. However, even assuming this court

12 - OPINION AND ORDER

could cure such a deficiency, and further assuming such a deficiency exists in this case, petitioner's due process claim is interwoven with his ineffective assistance of counsel claims. As demonstrated above, resolution of the ineffective assistance of counsel claims required this court to determine whether petitioner knowingly and voluntarily entered his *Alford* plea. Accordingly, petitioner was not precluded from developing the evidence in his PCR trial that he seeks to develop here.

Because petitioner failed to diligently develop all of his evidence during his state court proceedings, and as he cannot meet the stringent requirements of 28 U.S.C. § 2254(e)(2), he is not entitled to an evidentiary hearing.

## CONCLUSION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#34) is DENIED.

IT IS SO ORDERED.

DATED this __26__ day of March, 2008.

*[signature]*
Owen M. Panner
United States District Judge